### No. 6571.

AUGUST BOHN, APPLYING FOR A MONITION; J. STANFORD BOSSIER, OPPONENT.

The act of 1869 (Revised Statutes, section 3759) which limits the application of article 132 of the constitution, (providing for the subdivision of land sold at public sales into lots), to sales made *after* the adoption of the constitution of 1868, is constitutional.

APPEAL from the Sixth Judicial District Court, parish of St. Tammany. *Duncan, J.*

*McEnery, Ellis & Ellis,* for appellant.

*Thompson & Russell,* for opponent.

The opinion of the court was delivered by

SPENCER, J. The facts of this case are thus stated by counsel for applicant, and are conceded by counsel for opponent:

On the second of June, 1869, in the suit No. 1150 of the docket of the court *a qua*, entitled Mrs. F. A. Bossier, executrix, vs. J. Stafford Bossier

et al., judgment was rendered against defendant for seventy-three hundred dollars, and directing the seizure and sale of certain land which had been specially mortgaged on the third of November, 1865, to pay and satisfy the same. The defendant in execution formally acquiesced in said judgment and order of sale. A writ of *fieri facias* issued against the defendant (opponent herein) for the sale of said property mortgaged, and of the seizure made thereunder by the sheriff the defendant took notice, and in furtherance of the sale appointed an appraiser, who assisted in appraising the property at fifteen hundred dollars.

On the seventh of August, 1869, after full advertisement, the property was sold by the sheriff, and August Bohn (appellant herein) purchased it for two thousand dollars paid in cash.

On the ninth of May, 1870, said purchaser, A. Bohn, filed the usual petition for a monition. It appears that no publication of the monition was ever made, and that the petition slumbered as filed in the clerk's office, wholly neglected, until November 26, 1875, when said debtor in execution, J. Stanford Bossier, appellee, filed an opposition to it, declaring that the sheriff's sale to Bohn was null, because the land sold was not subdivided into lots, as directed by article 132 of the State constitution, and that therefore he (opponent) was still owner of the land, and he prayed for the nullity of the sheriff's sale to Bohn, and to be restored to the possession of said land.

In May, 1876, a trial was had. The plaintiff, A. Bohn, was neither present nor represented, and the trial was wholly *ex parte*. George H. Penn, Esq., the attorney who filed the petition for the monition, was dead, and plaintiff, *residing in New Orleans*, was not notified of the trial, nor was he served with any copy of the opposition, or demand of opponent, which prayed for the nullity of the sale of the property, for which he had paid two thousand dollars.

There was judgment sustaining the opposition and annulling the sale to Bohn. From this judgment he prosecutes this appeal.

The evidence in this record, and produced by the opponent himself, shows that the proceedings were regular, and had the monition been published and offered in evidence, we would be bound to homologate the sale. The only objection urged by the opponent to its validity is that the land was not subdivided and sold in lots according to article 132 of the constitution. The act of 1869 (Revised Statutes 3759) providing for carrying into effect said article, expressly provides that the provisions of said act shall not apply to sales made in execution of contracts entered into prior to the adoption of the constitution of 1868. The opponent says this law is unconstitutional. The courts of this State have uniformly given effect to it, and we would hesitate now, at this late day, to declare it unconstitutional, and thus unsettle great numbers of

10

titles. 24 An. 215. But we do not think it unconstitutional. Article 132 is of that class of provisions which remain necessarily inoperative until the mode of giving them effect is provided by statute. The Legislature has seen fit to provide such mode only for sales in execution of contracts bearing date subsequent to the adoption of the constitution. This court interprets, but does not make laws, and as long as there is no statute of the State providing for the application of this article to sales under contracts antedating the constitution, this court can not make such application, even if it be conceded the Legislature has such power. The contract sued upon in the case of Bossier, executrix, vs. J. Stanford Bossier, and in execution of which the sale to Bohn was made, bears date the third of November, 1865. It was not, therefore, necessary to the validity of the sale that the property be divided and sold in lots. We think, therefore, that as against the opponent, the sale must be maintained.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be avoided and reversed, and it is now ordered and decreed that the opposition of J. Stanford Bossier be rejected, and that this cause be, in other respects, remanded to be proceeded with according to law, appellee paying costs of his opposition in the court below, and costs of this appeal.